UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ROBERT MARTINEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. CV 11-02823-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On April 4, 2011, Anthony Robert Martinez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on July 5, 2011. On October 4, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this action dismissed with prejudice.

## BACKGROUND

Plaintiff is a 48 year old male who protectively filed an application for Social Security Disability Insurance benefits and Supplemental Security Income benefits on July 20, 2007, alleging an onset date of July 1, 2002, with a date last insured of December 31, 2008. (AR 11-12.) Plaintiff's claims were denied initially on January 30, 2008, and on reconsideration on June 19, 2008. (AR 11.) Plaintiff filed a timely request for hearing, and on October 6, 2009, Administrative Law Judge ("ALJ") Mary L. Everstine held a video hearing, but Claimant failed to appear due to alleged mental health issues. His attorney requested a 30 day continuance to obtain additional mental health records. (AR 11.) The continuance was granted. (AR 11.) On April 20, 2010, ALJ Everstine held a second video hearing. (AR 11.) Claimant appeared in San Luis Obispo, California, and the ALJ Everstine presided over the hearing from Santa Barbara, California. (AR 11.) Vocational expert ("VE") Sharon Spaventa appeared and testified at the hearing. (AR 11.) Claimant appeared and testified. (AR 72-85.) He was represented by counsel. (AR 11.)

The ALJ issued an unfavorable decision on May 14, 2010. (AR 11-21.) The Appeals Council denied review on February 14, 2011. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the issues that Plaintiff raises as grounds for reversal and remand are as follows:

1. Whether the ALJ failed to state clear and convincing reasons for rejecting the opinions of Plaintiff's treating physicians.

2. Whether the ALJ's adverse credibility determination is based upon specific findings which state clear and convincing reasons for rejecting Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80

F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

      The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since 2003. (AR 14.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: cervical and lumbar degenerative disc disease, status post fractures to the cervical and thoracic spine, left orbital fracture, left second finger fracture, hepatitis C, depressive disorder, polysubstance dependence in remission, and personality disorder. (AR 14.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 16.)

The ALJ next found that Plaintiff has the RFC for light work, with the following limitations:

> Specifically, the claimant is precluded from power gripping with the left non-dominant hand and overhead reaching. He is limited to simple, repetitive tasks that do not require interaction with the general public.

(AR 17.) In determining this RFC, the ALJ made an adverse credibility determination to the extent Plaintiff's alleged symptoms are inconsistent with the above RFC. (AR 19.)

At step four, the ALJ determined that Plaintiff is unable to perform any of his past relevant work as a construction laborer. (AR 19.) The ALJ, however, found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as a sorter and a laundry worker. (AR 19.)

Hence, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 20-21.)

## DISCUSSION

Plaintiff alleges depression since 2002 and was treated for depression in 2005, but the ALJ found mental status examinations to be unremarkable and mood disorder symptoms manageable with medication. (AR 14, 17.) The ALJ also found that Claimant had mild to moderate cervical and lumbar disc disease. (AR 18.) Claimant also sustained orthopedic injuries in a motorcycle accident in 2008, but the ALJ found that his multiple fractures were treated and had healed and that X-rays showed good recovery. (AR 18.) Based on this medical evidence and the RFC assessments of consulting and reviewing physicians, the ALJ concluded that Claimant had the RFC to perform light work with limitations, including simple, repetitive tasks with no public interaction. (AR 17.)

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e)(2). In determining a claimant's RFC, an ALJ must consider all relevant evidence of record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

Plaintiff Martinez challenges the ALJ's RFC on two grounds. He asserts that the ALJ and the Appeals Council improperly rejected treating physician opinions and improperly discounted his credibility.

The ALJ decision, however, must be affirmed. The ALJ properly rejected the treating physician opinion of Dr. Lennon. The report of Dr. Bartrell did not establish or suggest disability. The Appeals Council properly determined that the psychiatric report of Dr. Nir Lorant submitted after the ALJ's non-disability determination did not provide a basis for changing that decision. The ALJ's adverse credibility determination is supported by substantial evidence.

The ALJ's RFC for light work with limitations is supported by substantial evidence. The ALJ's non-disability decision is supported by substantial evidence and free of legal error.

## I. THE ALJ PROPERLY REJECTED TREATING PHYSICIAN STATEMENTS

Plaintiff's first challenge to the ALJ's RFC is that the ALJ improperly considered the treating physician opinions of Dr. Lennon, Dr. Bartrell and Dr. Lorant. The Court disagrees.

### A. Relevant Law

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Conversely, an ALJ is not required to give controlling weight to a treating physician's opinion unless it is well supported and not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(d)(2); SSR 96-2p.

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see

7

1  also <u>Orn</u>, 495 F.3d at 632; <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002). Where a
2  treating physician's opinion is contradicted by an examining professional's opinion, the
3  Commissioner may resolve the conflict by relying on the examining physician's opinion if the
4  examining physician's opinion is supported by different, independent clinical findings. <u>See</u>
5  <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995); <u>Orn</u>, 495 F.3d at 632. Similarly, to
6  reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and
7  convincing reasons. <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005). If an
8  examining physician's opinion is contradicted by another physician's opinion, an ALJ must
9  provide specific and legitimate reasons to reject it. <u>Id.</u> However, "[t]he opinion of a
10 non-examining physician cannot by itself constitute substantial evidence that justifies the
11 rejection of the opinion of either an examining physician or a treating physician"; such an
12 opinion may serve as substantial evidence only when it is consistent with and supported by
13 other independent evidence in the record. <u>Lester</u>, 81 F.3d at 830-31; <u>Morgan</u>, 169 F.3d at
14 600.

**B.    Dr. Lennon**

The ALJ gave this description of Dr. Lennon's opinion:

> In a March 25, 2009 letter Dr. David Lennon, the claimant's treating
> physician at the Santa Maria Clinic, concluded the claimant was
> permanently disabled due to injuries sustained in the motorcycle accident
> (Exhibits 17F and 22F, page 16). He found the claimant's primary
> impairment was the left hand injury which required surgery. He stated
> that even with surgery the claimant probably would not regain full strength
> in the left non-dominant hand. He concluded the claimant also suffered
> from severe depression and that hand pain and depression combined
> were disabling. It is significant to note that Dr. Lennon is not a
> psychologist or psychiatrist. Finally, he concluded the claimant needed to
> start treatment for hepatitis C. In May 2009 Dr. Lennon also completed a

1       medical source statement in which he found the claimant restricted to a
2       limited ranged of sedentary work since February 2008 when he was
3       involved in the motorcycle accident (Exhibit 18F).
4 (AR 15-16.)
5       Plaintiff correctly observes that Dr. Lennon found chronic pain resulting from the
6 multiple cervical, back, facial and hand fractures from the motorcycle accident. (AR 459.)
7 He complains that Dr. Lennon's RFC assessment was based on more than hand pain and
8 depression, but the ALJ acknowledged the injuries from the motorcycle accident (AR 15, 18)
9 and elsewhere noted that Plaintiff had recovered from the injuries due to the motorcycle
10 accident. (AR 18.)
11       The ALJ rejected Dr. Lennon's RFC as follows:
12       The assessment of Dr. Lennon that the claimant could not perform even
13       sedentary work due to these orthopedic injuries is rejected (Exhibits 17F
14       and 22F). No other physician imposed so restrictive functional limitations
15       and the orthopedic findings were mild. Further, Dr. Lennon concluded the
16       claimant was primarily disabled due to the left hand injury but he did not
17       note that the claimant is right hand dominant. Dr. Lennon's conclusion
18       lacks objective medical support and conflicts with the other functional
19       capacity assessments in the record that show an ability to perform light or
20       medium work. The mental status examinations were also within normal
21       limits. The most significant objective finding was the claimant had
22       depressed mood and was found to have mild impairment in functioning.
23       At most the psychologists and psychiatrists limited the claimant to simple,
24       repetitive tasks and precluded frequent interaction with the public.
25 (AR 18-19.)
26       The ALJ properly may reject a treating physician's opinion that conflicts with other
27 medical opinions in the record. Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).
28

Dr. Lennon's RFC noted marked limitations in functioning (AR 460). He stated that Mr. Martinez was permanently disabled and unable to maintain gainful employment. (AR 459.) As the ALJ observed, no other physician imposed such limitations or opined that Claimant was unable to work. Independent examining and reviewing physicians Dr. Hascall, Dr. Gregg and Dr. Mitchell all opined that Plaintiff could work with some limitations and psychiatrist Dr. Hirokawa found only mild to moderate limitations. (AR 279, 283-85, 297, 299-302, 434-35, 440).

Plaintiff asserts that three of the consulting and reviewing opinions occurred before Plaintiff's 2008 motorcycle accident, those of Dr. Hascall, Dr. Hirokawa and Dr. Gregg. Plaintiff's attack on these opinions, however, confuses the injuries he suffered from the motorcycle accident with his longstanding multilevel degenerative disc disease. (AR 423.) The ALJ found that Plaintiff recovered from the orthopedic injuries suffered from the motorcycle accident. (AR 15, 18.) The reports of Dr. Hascall, Dr. Gregg and Dr. Hirokawa address physical and mental impairments that preceded the accident, still exist, and are acknowledged as severe in the ALJ's decision. (AR 14.) There is no reason why Dr. Hirokawa's psychiatric assessment should be regarded as irrelevant solely because it occurred before the motorcycle accident. Dr. Lennon characterized Claimant's depression as "moderately severe" (AR 459) which would not be disabling, there are no treatment notes supporting this assessment and, as the ALJ noted, Dr. Lennon is not a psychologist or psychiatrist. (AR 15.)

State reviewing physician Dr. Mitchell provided a physical RFC assessment in 2008 after the motorcycle accident indicating that Plaintiff could perform medium work. (AR 433-37.) Her case analysis reported that the medical evidence indicated the injuries from the motorcycle accident had healed. (AR 438-440.) She also reports parole outpatient records from Dr. Bartrell that indicate Plaintiff's depression is stable with medication (AR 439) and also reports the opinion of a psychiatric reviewer affirming Dr. Gregg's pre-accident psychiatric assessment. (AR 440.) Plaintiff asserts that Dr. Mitchell's RFC does not constitute substantial evidence because it is the opinion of a non-examining, non-treating

physician. Plaintiff is wrong. A reviewing physician's opinion can constitute substantial evidence if it is based on other independent evidence of record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600. Dr. Mitchell's case analysis is plainly based on hospital records, X-rays, a MRI and outpatient records. (AR 438-440.)

Thus, the record contains conflicting medical evidence. The ALJ's interpretation of that evidence is reasonable and should be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion should be upheld).

The ALJ also found that Dr. Lennon's opinion lacks objective medical support. (AR 19.) Specifically, Dr. Lennon found disability based on left hand injury even though Claimant is right hand dominant. (AR 18-19.) Dr. Mitchell, based on the medical evidence, found that the hand had healed. (AR 439.) An ALJ may reject a treating physician's opinion if it is brief, conclusory and unsupported by rationale or treatment notes or objective medical evidence. Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004) (treating physician notes did not provide objective evidence of alleged limitations); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (same); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected check box opinions that did not have any explanation or basis).

Yet another reason for rejecting Dr. Lennon's opinion is that it is based in part on Plaintiff's credibility, which the ALJ properly discounted. (AR 18-19.) In fact, the ALJ properly made a finding that Plaintiff was malingering and uncooperative. See Section II infra. An ALJ properly may reject a treating physician opinion based on discounted subjective complaints. Tonapetyan, 242 F.3d at 1148-49; Morgan, 169 F.3d at 602; Andrews, 53 F.3d at 1043 ("an opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted").

The ALJ properly rejected the treating opinion of Dr. Lennon for specific and legitimate reasons supported by substantial evidence.

### C. Dr. Bartrell

The ALJ reported that in April 2008 Dr. Gary Bartrell examined Plaintiff and diagnosed depressive disorder. (AR 16.) Dr. Bartrell reported a long history of methamphetamine and heroin abuse. (AR 16.) The ALJ characterized Dr. Bartrell's mental status examination as unremarkable. (AR 16.)

The only treatment note in the record indicates a diagnosis of depressive disorder consistent with the ALJ's finding and that Plaintiff is stable with current medications and a current GAF of 49. (AR 462.) Dr. Bartrell does not assert or suggest disability. His parole outpatient note is reported in Dr. Mitchell's case analysis (AR 439) and both Dr. Mitchell and the reviewing psychiatrist Dr. Jessee affirmed Dr. Gregg's psychiatric RFC assessment and found Plaintiff capable of medium or light work. (AR 440.) Dr. Bartrell's note is not inconsistent with and does not undermine the ALJ's RFC.

### D. Dr. Lorant

Subsequent to the ALJ's decision, Plaintiff was seen by Dr. Nir Lorant, a psychiatrist who submitted to the Appeals Council a one page letter dated May 6, 2010. (AR 495.) Dr. Lorant opines that Plaintiff is permanently disabled due to depression and anxiety and would not be employable. (AR 495.) The Appeals Council made the letter part of the record (AR 5), but after considering it concluded it did not provide a basis for changing the ALJ decision. (AR 1-2.)

The Commissioner argues that Dr. Lorant's letter opinion is not material and Plaintiff did not show good cause why he did not provide it to the ALJ before the hearing. The Commissioner asserts that "[n]o reasonable ALJ would find disability based upon Dr. Lorant's opinion." (JS 9.)

As a matter of law, this Court may order a remand to the ALJ to consider additional evidence "but only upon a showing that there is new evidence is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380 (9th Cir. 1984). New evidence is material only where there is a reasonable possibility

that the new evidence would have changed the outcome of the Commissioner's determination. Id. at 1380-81.

Dr. Lorant's letter is a brief, conclusory one page letter without treatment notes that any reasonable ALJ would reject. Batson, 359 F.3d at 1195 n.3, Tonapetyan, 242 F.3d at 1149. Dr. Lorant's opinion, moreover, is heavily dependent on Plaintiff's credibility and as already noted the ALJ properly discounted Plaintiff's credibility based on malingering. The substance and language of Dr. Lorant's opinion is similar to Dr. Lennon's except that Dr. Lorant is a psychiatrist and Dr. Lennon is not. The ALJ's reasons for rejecting Dr. Lennon's psychiatric comments are equally applicable to Dr. Lorant's. Dr. Lorant's letter opinion is not material and no remand is warranted for the ALJ to consider it further.

### E. Marian Medical Center

Plaintiff also makes an issue of the ALJ's characterization of his 2009 suicide attempt (AR 16), which Plaintiff claims was dismissed by the ALJ as a mere matter of alcohol intoxication. Yet there was nothing inaccurate in the ALJ's summary of the incident. The ALJ indicates that the Claimant was admitted because he was found in a state of alcohol intoxication. (AR 16.) The admitting note states "acute alcohol intoxication." (AR 467.) Another note indicates a "[s]trong alcohol odor emanating from the patient." (AR 466.) The discharge note of Dr. Roy Verdery indicated that Claimant "denied further suicidal ideation and said that he had just had a bad day." (AR 463.) He was determined to be no longer suicidal and was stable for discharge. (AR 463.) He was discharged home in stable and improved condition. (AR 464.) Plaintiff was recommended to go to Alcoholics Anonymous. (AR 464.) The ALJ's summary of Dr. Verdery's discharge report accurately reports that the Claimant was at low risk for suicide and referred for treatment of alcohol abuse. (AR 16.) There is nothing in the Marian Medical Center records that indicates any mischaracterization of Plaintiff's suicide attempt or suggests that the ALJ's RFC is unsupported by substantial evidence.

## II. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE COMPLAINTS

The ALJ discounted Plaintiff's credibility to the extent Plaintiff's alleged symptoms are inconsistent with the ALJ's RFC. (AR 19.) Specifically, the ALJ discounted Plaintiff's credibility based on malingering, inconsistency with the medical evidence and RFC assessments, being non-compliant with medications, and lack of significant treatment. (AR 19.) Plaintiff's challenge to the ALJ's adverse credibility determination lacks merit.

### A. Relevant Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B. Analysis

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms.

(AR 19.)  The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible to the extent they are inconsistent" with the assessed RFC.  (AR 19.)

The ALJ made a malingering finding in this case that if supported by substantial evidence would negate application of the clear and convincing evidence standard and by itself would be sufficient to discredit Plaintiff's testimony.  Benton *ex rel.* Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003).  The ALJ's malingering finding is supported by substantial evidence.  The ALJ noted that a consulting internal medicine examiner, Dr. Hascall, reported that Claimant would not allow himself to be touched.  (AR 14.)  Dr. Hascall stated that his examination "was extremely limited as the claimant did not want me to touch him and would not allow himself to have his back to me."  (AR 278.)  As a result, Dr. Hascall was unable to conduct tests and examinations of the eyes, ears, nose, and throat "because Claimant would not allow me to use my flashlight."  (AR 278.)  He was unable to examine Plaintiff's abdomen because Plaintiff would not lay down on the couch.  (AR 278.)  The Claimant would not allow palpitation of his pulse and no Romberg test of coordination and gait could be performed because Claimant would not move his feet together.  (AR 278.)  Range of motion testing was not performed because Claimant refused.  (AR 278.)  Other tests also were not performed, making an appropriate RFC assessment impossible.  (AR 278-279.)  Failure to give maximum or consistent effort during exams is a basis for discounting credibility.  Thomas, 278 F.3d at 959.  Plaintiff barely mentions Dr. Hascall's assessment and offers no refutation of it.  (JS 23:11-16.)

Psychiatric evaluator Dr. Hirokawa also indicated that, while Claimant was cooperative, "his participation effort was questionable."  (AR 15, 280, 283.)  He also found that Claimant's remote memory "appeared selectively impaired due to his inability to recall certain events throughout his life with adequate details."  (AR 15, 282.)  He concluded that Claimant's "overall participation effort was questionable as he was not able to answer items frequently answered."  (AR 283.)  Plaintiff attacks Dr. Hirokawa's malingering opinion as vague, contradictory and nonsensical, but the Court finds nothing contradictory about being

seemingly cooperative but also failing to give full effort. State agency review psychiatrist Dr. Kevin Gregg found Claimant to be only partially credible and capable of "at least simple, repetitive tasks and likely more." (AR 299, 302.) Plaintiff attacks Dr. Gregg's partial credibility opinion as unsupported and without examples, but Dr. Gregg was a reviewing physician who relied on the medical evidence of record of malingering elsewhere reported here.

The ALJ also found that there were several reports that the Claimant was not cooperative. (AR 19.) In a July 30, 2009, treatment note, Dr. Stacy Harmon of Marian Medical Center stated that Claimant is "not really providing much information" about his past medical history and "basically is not cooperative" about a review of his systems. (AR 468.) Dr. Ofiaeli at the same facility also found Plaintiff to be uncooperative. (AR 477-78.) Plaintiff does not address this evidence. Plaintiff also tries to take refuge in the fact that Dr. Nawar and Dr. Mitchell did not comment on Plaintiff's credibility (AR 286-88; AR 440), but both doctors made reference to Plaintiff's lack of cooperation in their review histories. (AR 287-88, 439, 440.)

Although Plaintiff interprets the evidence differently, the ALJ's finding that Claimant was uncooperative and malingering (AR 19) is a reasonable interpretation of the evidence and should not be second-guessed. Rollins, 261 F.3d at 857 (ALJ interpretation of evidence if reasonable should not be second-guessed).

The ALJ, moreover, also found that Plaintiff's assertion of an inability to work is unsupported by the medical evidence and the functional assessments of record. (AR 17, 18-19.) Although subjective testimony cannot be rejected on the sole ground that medical evidence is lacking, the medical evidence is still a relevant factor in assessing the severity of Plaintiff's symptoms. Rollins, 261 F.3d at 857. Here, Claimant was found to have mild to moderate cervical and lumber disc disease which were not disabling. (AR 18.) The orthopedic injuries from his 2008 motorcycle accident had healed. (AR 18.) The ALJ rejected the RFC of Dr. Lennon and "[n]o other physician imposed so restrictive functional limitations and the orthopedic findings were mild." (AR 18.) The mental status examinations

were within normal limits. (AR 19.) Dr. Hirokawa found only mild or moderate limitations. (AR 284.) Plaintiff offers no response or anything new on the medical evidence beyond that asserted in regard to the treating physician opinions. Again, the ALJ's interpretation of the evidence is reasonable and cannot be second-guessed. Rollins, 261 F.3d at 857.[2]

The ALJ's adverse credibility finding is supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

## ORDER

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and that this action be dismissed with prejudice

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 3, 2012                              /s/ John E. McDermott
                                                              JOHN E. MCDERMOTT
                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The ALJ also asserts that Plaintiff was non-compliant with his medication (14, 19, 272) but this appears to have occurred because the medication upset his stomach (272) and there also is an issue about his ability to afford a drug treatment program. (AR 18.) The ALJ also gave as a reason for discounting Plaintiff's credibility his lack of significant treatment for alleged pain but again there is an issue of no insurance to obtain follow-up care after his motorcycle accident. (AR 459.) The Court accordingly gives no weight to these reasons. Gambler v. Chater, 68 F.3d 319, 321 (9th Cir. 1995) (disabled claimant cannot be denied benefits for failure to obtain medical treatment that would ameliorate his condition if he cannot afford that treatment).
  Even rejecting the above reasons, the ALJ's overall adverse credibility determination remains valid because the other two reasons are supported by substantial evidence. Carmickle v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ's errors were harmless and inconsequential to the ultimate nondisability determination. Stout v. Comm'r Soc. Sec. Adm., 454 F.3d 1050, 1055 (9th Cir. 2006).